

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 28 2017
ARTHUR JOHNSTON
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**JEANETTE D. BROWN**                                          **PLAINTIFF**

**VS**                                    **CIVIL ACTION NO. 3:cv825-HTW-LRA**

**CITY OF JACKSON (MUNICIPALITY)
TONY YARBER. MAYOR OF JACKSON
MARTHA JONES-MURRELL**                          **DEFENDANT(S)**
**VENECCA GREEN-MASON, ATTORNEY
LAKEISHA HEIDELBERG
ROSEMARY HARPER
RICKY WILLIAMS
OFFICER TRAVELL R. ALLEN, (JPD)
HINDS COUNTY MUNICIPAL COURT SERVICE
JOHNNIE MCDANIEL, PROSECUTOR**

**JURY TRIAL DEMANDED**

## <u>SECOND AMENDED COMPLAINT</u>

**COMES NOW**, Plaintiff, Jeanette Brown, pro se, and files her Second Amended Complaint

for cause of action against the defendant(s), to be sued in their personal and official capacity as

named City of Jackson (Municipality), Tony Yarber (Mayor of Jackson), Martha Jones-Murrell,

Venecca Green-Mason (Attorney), Lakisha Heidelberg, Rosemary Harper (Court Bailiff),

Ricky Williams, Officer Travell R. Allen (JPD), City of Jackson Municipal Court, and Johnnie

McDaniel (Deputy Prosecutor), would state:

### JURISDICTION

Jurisdiction and venue are proper in that the cause-of-action occurred and accrued in

United States District Court Southern District of Mississippi.  This court has subject matter

jurisdiction pursuit to (a) 28 U.S.C. 1331, as this case arises under the Constitution Rights and

1

Laws of the United States; (b) 28 U.S.C. 1343, because this action seeks redress and damages for violations of 42 U.S.C. 1983 and 1985, in particular, the due process and equal protection provisions of the United States Constitution, including the rights protected through the Fourth, Fifth, Fourteenth, and Sixteenth Amendments, et al and others thereof: and (c) 28 U.S.C. 1332 and since this is a cost, a sum in a civil action involving exclusive of interest causes of action in access of $50,000.00.

**PARTIES**

I.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, the City of Jackson, is a Governmental Municipality within the State of Mississippi. The City of Jackson is a recipient of Federal Funds and is responsible for overseeing and providing services to its citizens that are disadvantaged and poor.

II.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Martha Jones Murrell, is an adult resident citizen of the County of Hinds, State of Mississippi.

III.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Venecca Green-Mason, Attorney is an adult resident citizen of the County of Hinds, State Of Mississippi.

IV.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Lakisha Heidelberg is an adult resident citizen of the County of

2

Hinds, State of Mississippi.

## V.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Rosemary Harper (City of Jackson ) is an adult resident citizen of the County of Hinds, State of Mississippi.

## VI.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Ricky Williams is an adult resident of the County of Hinds, State of Mississippi.

## VII.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Officer Travell R. Allen (JPD) is an adult resident citizen of the County of Hinds, State of Mississippi.

## VIII.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi. The Defendant, Johnnie McDaniel (Senior Prosecutor Municipal Court) is an adult resident citizen of the County of Hinds, State of Mississippi.

## IX.

Plaintiff, Jeanette Brown is an adult resident citizen of the County of Hinds, State of Mississippi.  The Defendant, Tony Yarber (Mayor), is an adult resident citizen of the County of Hinds, State of Mississippi.

## COUNT I.

### CONSPIRACY TO MALICIOUSLY PROSECUTE
### VIOLATION OF 42 U.S.C. 1983 and 1985, AND
### FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS

1.      The Plaintiff alleges Defendants, City of Jackson Municipality, Jackson's Municipal

Court Service, City Court Prosecutor Johnnie McDaniel, Jackson Police Officer Travell Allen,

Municipal Court Bailiff, Rosemary Harper, and as supervised by Mayor Tony Yarber, all acting

under code of color, and non-city defendants, Lakisha Heidelberg, Martha Jones-Murrell,

Attorney Venecca Green-Mason, and Ricky Williams, beginning in 2010 to present enjoined in

conspiracy to willfully, and intentionally make malicious prosecution of the Plaintiff through

abuse of the legal process in violation 42 U.S.C. 1983 and 1985 and the Fourth Amendment of

the constitution.  The Plaintiff asserts claims the defendants, initiated numerous criminal

proceedings against the Plaintiff for simple assault, and felony malicious mischief charges

without probable cause through "unreasonable" and false reports and that such charges ended in

Plaintiffs favor deprives her right to be free from criminal prosecution and violates her Fourth

and Fourteenth Amendment rights.

2.      The Plaintiff alleges the defendants conspired in all to maliciously prosecuted her by

abuse of the legal process, to cause false arrest and false incarceration, slander, defamation of

character, impose financial loss, cause chronic fear and anxiety, disrupt activities substantial to

quality of life, and caused her intentional emotional distress that deprives her right to be free

from criminal prosecution in violation of the Fourth Amendment.  In March 2014, the defendants

initiated malicious prosecution of the Plaintiff based on false reports made by defendant Martha

Murrell, for charges of simple assault, case no. 014050882 and felony malicious mischief, case

4

no. 014050882-02 without probable cause, using affidavit providing no substantive details or facts for claims of damage to property, or threat to kill is stated, and no eye witness accounting is available deprives her right to be free from criminal prosecution and violates the Fourth Amendment.

3.      On May 1, 2014, Plaintiff was illegally arrested at her home without a warrant and incarcerated for case no. 014050882-02.   City Prosecutor Johnnie McDaniel upon defendant Murrell making affidavit for felony malicious mischief had Judge Michael Malouf sign for charge presented to the Hinds County Grand Jury for indictment.  On November 14, 2014, the charge of felony malicious mischief (2014-050882-02) was No Billed by the Hinds County Grand and dismissed against Plaintiff and the defendant's acts violated Plaintiff right to be free of criminal prosecution in violation of the Fourth and Fourteenth Amendments.

4.      On February 12, 2016, Plaintiff was subpoenaed to Municipal Court to defend against case no. 014050882, and 2013-110641, for charges defendant Murrell filed against Plaintiff alleging simple assault.  In addition to these charges, the Plaintiff made charge of simple assault against Defendant Murrell in Municipal Court case no. 2013-110675 for simple assault resulting from the same incident as case no. 2013-110641.  The defendants in conspiracy manipulated so the two cases arising from incident occurring on June 8, 2013, would not to be heard and denied her right to trial depriving her right to be free from criminal prosecution in violation of the Fourth, and Fourteenth Amendments,  The Plaintiff alleges the defendants collaborated with one another to protect defendant Martha Murrell from being found guilty in charge made by Plaintiff that she threatened to shoot her as evidence in support on video could confirm in violation of the Fourth Amendment. The Plaintiff alleges the defendants in conspiracy obstructed justice in acts prolonging her prosecution in "unreasonableness" and abused the legal process to intentionally

punish and deprive her Fourth and Fourteenth Amendment rights. The Plaintiff alleges the defendants acting under code of color failed to provide equal protection under the Law violating her Fourth and Fourteenth Amendment rights.

5.      The Plaintiff alleges Defendant Rosemary Harper (court bailiff) used her relation and position in the court to enjoin other officers in the Court to conceal defendant Murrell's guilt and crimes, as well as, her participation in making false report against the Plaintiff in violation of her Fourth Amendment right.  The Plaintiff alleges Defendant Martha Murrell filed false charges alleging the Plaintiff threatened to kill her to establish a defense of justifiable homicide because she intended to shoot and kill the Plaintiff and abuse of the legal process violating her Fourth and Fourteenth rights.

6.      On February12, 2016, the defendant Municipal Court in "bad faith" issued subpoena for Plaintiff to appear and answer to charges case no. 2013-110641 and 2014-050882.   The Plaintiff alleges the defendant Municipal Court in "bad faith" used false reports and without probable cause initiated criminal prosecution of her as purposeful to injure, as these acts served as no cause to bring justice or equal protection and has in "severe and serious", damaged her ability to have quality of life and deprives her right to be free from criminal prosecution and violates her Fourth and Fourteenth Amendment rights.

7.      On February12, 2016, the Plaintiff alleges Municipal Court Judge Ali Shamsideen intentionally refused Plaintiff's request for trial and unreasonably denied her request for trial as constitutional right in abuse of power violating the Fourth Amendment.  The Plaintiff alleges Municipal Court judge, Ali Shamsideen failed to provide equal protection under the law for her, and as enjoined in conspiracy, to intentional inflict suffrage on her in acts preventing the charge in case no. 2013-110675, against defendant Martha Murrell, be tried.  The Plaintiff alleges this

act and conduct as unlawful and as obstruction of justice that deprives here right to be free from malicious prosecution and violates her Fourth and Fourteenth Amendment rights.  The Plaintiff alleges defendant Martha Murrell and Municipal Court Judge Ali Shamsideen had ex parte collaborations in prior to deprive her life, liberty, and pursuit of happiness that violates the First, Fourth, and Fourteenth Amendments.

8.      In May 2017, defendant Municipal Court issued subpoena for Plaintiff to appear and answer in August 2017 to new Municipal Court charge case no. 2014-050882, as authorized by Judge Ali Shamsideen for same charge was No Billed by the Hinds County Grand Jury, and dismissed against her by the District Attorney's office in November 2014. The Plaintiff alleges defendant Municipal Court's act to prosecute her for the same charge again constitutes "double jeopardy" and violates her Fourth, Fifth and Fourteenth Amendment rights.  The Plaintiff alleges defendant Municipal Courts' act to initiate additional prosecution from false reports as in "bad faith" and retaliation because she filed complaint in U.S. District Court for violation of her constitutional rights and because Judge Ali Shamsideen's acts were reported by the Plaintiff and he was investigated by the Mississippi Judicial Performance Commission.  The Plaintiff alleges the defendants' acts and conduct to continue prosecution for charge dismissed against her, as intentional, as attempt to circumvent the facts alleged in her complaint as false arrests without probable cause, and deprive her to be free from criminal prosecution in violation of her Fourth Amendment rights.

9.      The Plaintiff alleges Municipal Court has failed to comply with numerous requests and inquiries for discovery of the facts and procedural causes initiating re-hearing and deprives her right to be free from criminal prosecution in violation of the Fourth Amendment.

10.     The Plaintiff alleges Defendant Municipal court made prosecution against her for

violations of Mississippi Code 97-3-7 (1) and Mississippi Code 97-17-67 from false reports, and

facts inconsistent or in standard of review establishes her charges as violation of Mississippi

Codes as stated and violates her Fourth Amendment rights.

**COUNT II.**

**ABUSE OF POWER**
**VIOLATION OF 42 U.S.C. 1983 AND 1985, AND VIOLATION OF**
**THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS**

1.      The Plaintiff alleges Defendants, City of Jackson Municipality, Jackson's Municipal

Court Service, City Court Prosecutor Johnnie McDaniel, Jackson Police Officer Travell Allen,

Municipal Court Bailiff, Rosemary Harper, and as supervised by Mayor Tony Yarber, all acting

under code of color, made abuse of powers through the Municipal Court and positions to

maliciously prosecute the Plaintiff and deprive her of right to be free from criminal prosecution

and violates the Fourth Amendment of the constitution.

2.      The Plaintiff alleges the Defendants used false reports in "bad Faith" to criminally

prosecute the Plaintiff without probable cause and violates her Fourth and Fourteenth

Amendments. The Plaintiff asserts the defendants created conditions for criminal prosecution

against her as torment and because they had full control over her as person, as she had to remain

under their authority and acts to grant or deny her relief and violates her Fourth Amendment

rights.

3.      The Plaintiff alleges defendant Municipal Court manipulated schedules for trial hearings,

failed to subpoena Officer Lincoln Lampley to witness defendant Murrell had threatened to shoot

the Plaintiff and had a concealed weapon, routinely predisposed of trials in every case against the

Plaintiff to prevent her vindication, and intentionally to deprives her right to be free from

criminal prosecution and violates her Fourth Amendment rights.

8

4.      The Plaintiff alleges defendant Municipal Court intentionally delayed hearing cases

between Defendant Murrell and the Plaintiff until last on docket, in order to covertly dispose of

hearing the cases, prevented the Plaintiff from giving testimony when defendant Murrell did not

appear, falsified court abstracts against the Plaintiff, sent notices with different trial dates to her

and her attorney with intent the Plaintiff would not have representation, instructed that police

officers to make arrest of the Plaintiff for charges and not allow her be field release, and

egregiously arranged that no trial judge would make hearing the evidence as benefit the Plaintiff,

and deprives her the right to be free from criminal prosecution and violates the Fourth and

Fourteenth Amendments. The Plaintiff asserts as no proper investigation was done she was

denied equal protection and this violates her Fourth Amendment rights.

5.      The Plaintiff alleges the defendants made abuse of power to "as enslave" and deny

Plaintiff liberty, through disparaging tactics to deny judicial relief as City of Jackson Municipal

Court controls jurisdiction over misdemeanor crimes and she had no other legal system to

intervene to end egregious persecution and prosecution and the defendants acts intentionally

deprives her the right to be free from criminal prosecution and violates her Fourth Amendment

rights.

6.      The Plaintiff alleges the defendants acts as abuse of power in initiating a second

prosecution of the Plaintiff for a charge disposed of as dismiss.  The Plaintiff was not indicted

and the defendant's acts as criminal constitutes "double jeopardy", and evidences retaliation, and

deprives her the right to be free from criminal prosecution and violates her Fourth, Fifth and

Fourteenth Amendment rights.

7.      The Plaintiff alleges defendants conspired to maliciously prosecute as charges against her

were made by false reports and in "bad faith" as "unreasonable" as no probable cause was found

to prosecute her by the Hinds County Grand Jury and deprives her right to be free from criminal prosecution and violates her Fourth Amendment rights.

## COUNT III.

### ABUSE OF THE LEGAL PROCESS
### VIOLATION OF 42 U.S.C. 1983 and 1985, AND VIOLATION OF
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS

1.      The Plaintiff alleges Defendants, City of Jackson Municipality, Jackson's Municipal Court Service, City Court Prosecutor Johnnie McDaniel, Jackson Police Officer Travell Allen, Municipal Court Bailiff, Rosemary Harper, and as supervised by Mayor Tony Yarber, all acting under code of color, and non-city defendants, Lakisha Heidelberg, Martha Jones-Murrell, Attorney Venecca Green-Mason, and Ricky Williams abused of the legal process through initiating prosecution of the Plaintiff based on false reports and in bad faith depriving her right to be free from criminal prosecution and violates the Fourth Amendment.

2.      The Plaintiff alleges the defendants in conspiracy manufactured "unreasonable" and baseless charges of simple assault for "having a black unidentifiable object raised above her head" and "because the Plaintiff took a picture or made a sound" in obscurity without any intent to procure legal remedy but as plausible means to victimize, intimidate, harass, defame, and slander to deprive Plaintiff her the right to be free from criminal prosecution and violates the Fourth and Fourteenth Amendment.

3.      The Defendants acts as deliberate to abuse the legal system persecute caused the Plaintiff injury and substantial financial losses and violate her Fourth amendment rights.

# IV.

## FAILURE TO PROVIDE PROCEDURAL DUE PROCESS
## VIOLATION OF 42 U.S.C. 1983 AND 1985, AND VIOLATION OF
## FOURTH AND FOURTEENTH AMENDMENT RIGHTS

1.      The Plaintiff alleges the defendants Municipal Court and Prosecutor Johnnie McDaniel acting under code of color used techniques that were so coercive and abusive, or deliberately indifferent, where false reports yielded were used to criminally charge the plaintiff and deprive her constitutional right to be free from criminal prosecution in violation of her Fourth Amendment right.

2.      The plaintiff alleges the defendants never provided her full benefit to have a trial, or use her paid counsel in defending charges made against to intentionally cause deprivation of her to be free from criminal prosecution, and admonish her livelihood in violation of the Fourth and Fourteenth Amendment right.

3.      The Plaintiff alleges the defendants protected defendant Martha Murrell from prosecution of her crimes and punished the Plaintiff because she did not agree to drop charges against her. The defendants "acting under code of color" covered up and concealed all evidence from being seen and heard that would enable the Plaintiff to prevail and as continuous, deprive her be free from criminal prosecution.

4.      The Plaintiff alleges that from 2011 to present, the defendants never implemented any cause of action to provide judicial relief as equal protection to end the ongoing criminal prosecution of Plaintiff as specific evidence submitted to the court showed the Plaintiff innocent and evidences crimes of defendant Martha Murrell and Rosemary Harper were ignored and violates her Fourth Amendment rights.  .

## COUNT V.

### FAILURE TO PROVIDE SUBSTANTIVE DUE PROCESS VIOLATION OF 42 U.S.C. 1983 and 1985, AND VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS

1.      The Plaintiff alleges defendants City of Jackson, Tony Yarber (Mayor), Municipal Court Service, Rosemary Harper (court bailiff), Officer Travell Allen, and Johnnie McDaniel (Deputy Prosecutor), acting under code of color, in conspiracy initiated malicious prosecution of the Plaintiff for felony malicious mischief and simple assault without probable cause violating her Fourth Amendment rights.

2.      The Plaintiff alleges all the defendants' acts and conduct based on false report unlawful and intentional to deprive her to be free from criminal prosecution without probable cause that violates her Fourth and Fourteenth Amendment rights.

3.      The Plaintiff alleges all the defendant's acts were based on "known false reports" as "unreasonable" and in "bad faith" that egregiously deprived her ability to be free from criminal prosecution and violates her Fourth and Fourteenth Amendment rights.  Plaintiff asserts no investigations were conducted by law enforcement and this negligence of obligation violates the Fourth Amendment.

4.      The defendants knew or should have known the Plaintiff was innocent form baseless affidavits and made "deliberate indifference" reckless disregard of the consequences their causal acts inflicted on the Plaintiff and violates her Fourth Amendment rights.

5.      The Plaintiff alleges defendant Martha Murrell and La Kisha Heidelberg fabricated false reports to maliciously prosecute and injure and enjoined other defendants in Municipal Court that denied equal protection resulting in false arrests and false incarceration of Plaintiff without

12

probable cause and violates the Plaintiff's Fourth and Fourteenth Amendment rights.  Plaintiff alleges defendants conduct subjected to criminal charges on basis of false evidence and reports deliberately fabricated by the defendants to deprive her right to be free from criminal prosecution and violates the Fourth Amendment.

**COUNT VI.**

**FAILURE TO PROVIDE EQUAL PROTECTION
VIOLATION OF 42 U.S.C. 1983 AND 1985, AND VIOLATION OF
FOURTH AND FOURTEENTH AMENDMENT RIGHTS**

1.      The Plaintiff alleges the Defendants, City of Jackson, Tony Yarber (Mayor), Municipal Court Service, Rosemary Harper (court bailiff), Officer Travell Allen, and Johnnie McDaniel (deputy Prosecutor) acting under code of color failed to provide equal protection rights to her and violates her Fourth Amendment rights.  The Plaintiffs contends that these defendants were motivated by animus against the Plaintiffs' race and background national origin, and as a consequence failed to provide equal protection and violates the Fourth Amendment.

2, The defendants made criminal prosecution of the Plaintiff based on false reports and in "bad faith" that deprives her hright to be free from prosecution.  The defendants had obligation and failed to provide equal protection for her and deprives her right to be free from criminal prosecution an violates the Fourth Amendment.  The defendants' acts and conduct punished the plaintiff as unreasonable and as she was arrested and incarcerated without probable cause and violates her Fourth amendment right.

3.The defendant denied the Plaintiff due process of law and did not make suh as standard that she was afforded a trial to defend baseless charges that went uninvestigated and deprives her right to be free from criminal prosecution. The Plaintiff suffered from stress as the defendants provide her no judicial relief and acts violates her Furth Amendment rights.

## COUNT VII.

### DISCRIMINATION
### VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964
### VIOLATION OF 42 U.S.C. 1983 and 1985, 2000d
### VIOLATION OF THE
### FOURTH AND FOURTEENTH AMENDMENT RIGHTS

1.      The Plaintiff alleges the Defendants, City of Jackson, Tony Yarber (Mayor), Municipal

Court Service, Rosemary Harper (court bailiff), Officer Travell Allen, and Johnnie McDaniel

(deputy Prosecutor), acting under code of color and non-city defendants Martha Murrell, La

kisha Heidelberg, Ricky Williams, and Venecca Green-Mason (Attorney) discriminated against

the Plaintiff because she is African American, female, 61 years of age, and based on her

background in violation of Title VI of the Civil rights Act of 1964 and 42 U.S.C. 1983, 1985,

and 2000d.

2.      The Plaintiff alleges the defendants in conspiracy failed to provide protection of her

rights inclusive as "protected class" and violates Title VI., of The Civil Rights Act of 1964 and

42 U.S.C. 1983, 1985, and 2000d.

3.      The Plaintiff alleges the defendants imprisoned her "as slave" to never ending cycles of

persecution, prosecution, and mental abuse as unreasonable because she is African American,

female, age 61, and because of her background and violates title VI of The Civil Rights Act of

1964 and 42 U.S.C. 2000(d) her Fourth and Fourteenth Amendment rights.

2.      The Plaintiff alleges the defendants in all committed acts to deprived Plaintiff of

substantive and procedural due process as prosecution was baseless and enacted on false reports

and she is denied full benefit to trial of facts in violation the Plaintiff's Fourth and Fourteenth

Amendment rights.

3.      The Plaintiff asserts the defendants knew she was innocent and in reckless disregard of continued to bring egregious prosecution without probable cause and violates the Fourth Amendment.

4.      The Plaintiff asserts the defendants' acts as animus based on her race, age, and background defamed and slandered her reputation in the public at large, caused false arrests and incarcerations, permanent conditions of anxiety, depression and mental anguish, and deprives her in all "rights to life, liberty, and the pursuit of happiness" in violation of her First and Fourth Amendment rights.


## COUNT VIII.
## OBSTRUCTION OF JUSTICE
## VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS OF

1.      The Plaintiff alleges defendants Municipal Court services, and Prosecutor Johnnie McDaniel conspired and obstructed justice to deprive her right to be free from criminal prosecution and violate her fourth Amendment rights. . The Plaintiff alleges Municipal Court and Prosecutor Johnnie McDaniel concealed the video recording submitted by her in the discovery process showing she did not commit any of the criminal acts asserted by Defendant Martha Murrell in her charge made on June 9, 2013.

2.      The defendants "knew or should have known" in their scope of duties the charges were made of false report and in "bad faith" would injure the Plaintiff. The Defendants used false reports and initiated criminal prosecution without probable cause and in intent to deprive Plaintiff her right to be free from criminal prosecution.

3.      The Plaintiff alleges the defendants in scope of their duties had reports and conducted no investigation and held no tribunals to remedy years of supposedly crimes of simple assault

committed by Plaintiff. Plaintiff alleges the defendants in conspiracy with Rosemary Harper, used their powers to conceal defendant Murrell's deceit and lies and covered up her crimes as evidenced through the false reports she made that merely slandered and defamed and as in normal process, should constitute commission of a crime to legitimately prosecute.

4.      The plaintiff alleges the defendants acts intentional to deny her right to be free from criminal prosecution and violates her Fourth and fourteenth Amendment rights. The Plaintiff was falsely arrested and incarcerated for six hours and only released because the Raymond Holding facility where they intended to take her was full and violated her fourth Amendment rights.

5.      The Plaintiff alleges the defendants in conspiracy committed this act to deny her access to the legal process to prevent her to be heard or show evidence of her innocence to deprive her right to be free from criminal prosecution.

6.      The Plaintiff alleges the defendants altered the abstracts of court to indicate a trial was conducted and she was found guilty, and the false reporting of facts intentionally deprives her right to be free from criminal prosecution and violates her Fourth Amendment right.

7.      The Plaintiff alleges on February 12, 2016, Municipal Court Judge Ali Shamsideen obstructed justice with intentional causes to prevent and deny Plaintiff's request to have a trial, and in subsequent, by "unreasonable" acts of remanding of charges where serious threats of bodily harm are made with a gun go unheard depriving Plaintiff her right to be free from criminal prosecution and violating her Fourth Amendment rights.

8.      The Plaintiff alleges the defendants altered abstract of court for defendant Murrell to obstruct justice by acts designed to cover up her crimes and stave her punishment and deprived her the right to be free from criminal prosecution and violates her Fourth Amendment rights.

# FACTS OF COMPLAINT

1.      On July 26, 2010, Defendant LaKisha Heidelberg initiated criminal prosecution of the Plaintiff in Municipal Court case no.2010-145533 for simple assault. The Plaintiff is subpoenaed for the charge and she appears before Municipal Court and enters not guilty plea. The defendant subsequently filed for additional peace bond against the Plaintiff in Hinds County Justice Court.  The criminal proceedings against the Plaintiff in Justice Court ended in March 2011in Plaintiff's favor, and dismissed with prejudice.  The defendant's charge is false and baseless for criminal prosecution initiated by Municipal Court for simple assault.

2.      The Plaintiff's bond of $250.00 dollars was ordered to be returned, and the Plaintiff proceeded to file suit with Justice Court for damages incurring from the wrongful prosecution by defendant Heidelberg.  The defendant Heidelberg filed counter suit and the cases were set for trial.

3.      Defendant Heidelberg conspires with her friend, Defendant Martha Murrell, to make false report for her during this trial proceeding.  The trial ended with neither of the two suits prevailing in July 28, 2011.  Defendant Heidelberg's charge against Plaintiff in Municipal Court was dismissed in her favor because she was found innocent in County Court.

4.      On July 28, 2011, Defendant Martha Murrell initiates criminal prosecution in Municipal Court against the Plaintiff for simple assault case no. 2011-147479. Defendant Murrell, mimicking Defendant Heidelberg acts, filed for peace bond against the Plaintiff in Justice Court. The Plaintiff is subpoenaed for the charge and she appears before Municipal Court and enters not guilty plea. The defendant's charge is false and baseless for criminal prosecution initiated by Municipal Court for simple assault.

17

4.      On August 8, 2011, defendant Murrell calls the police and reports the Plaintiff is "looking

at her and she feels threatened" and the Police dismiss her report as not criminal.  Defendant

Murrell includes this date in her complaint filed in February 9, 2012 in Municipal Court case no.

2012-026399 for simple assault herein, **Exhibit A.**  In Defendant Murrell's affidavit she "in

slight" mentions "she was told she can't carry her gun across". The Plaintiff is subpoenaed for

the charge and she appears before Municipal Court and enters not guilty plea. The defendant's

charge is false and baseless for criminal prosecution initiated by Municipal Court for simple

assault.

5.      On April 13, 2012, defendant Martha Murrell files another charge against Plaintiff for

simple assault alleging "the Plaintiff made a sound and showed her a black object and she thinks

it's a gun" in Municipal court case no. 2012-070857herein, **Exhibit B**. The Plaintiff is

subpoenaed for the charge and she appears before Municipal Court and enters not guilty plea.

The defendant's charge is false and baseless for criminal prosecution initiated by Municipal

Court for simple assault.

6.      On April 24, 2012 defendant Murrell files another charge against the plaintiff "alleging

the Plaintiff threw up an unidentifiable object in the air towards her" in Municipal Court case no.

2012-076746 herein, **Exhibit C**. The Plaintiff is subpoenaed for the charge and she appears

before Municipal Court and enters not guilty plea. The defendant's charge is false and baseless

for criminal prosecution initiated by Municipal Court for simple assault.  The Plaintiff develops

acute anxiety and depression from

7.      The Plaintiff was in complete devastation and great despair, hired Attorney Felicia

Perkins to defend her of the ongoing charges and end her torment.  Plaintiff was in school

working towards entry into Mississippi College School of law and the ongoing criminal prosecution prevented her to pursue this endeavor. The Plaintiff's criminal proceedings were egregious, and consumed most her time to complete the tasks required.

8.      The Plaintiff reports the ongoing malicious criminal prosecution to the Federal Bureau of Investigation, Mississippi Bureau of Investigation, the Attorney General's office, the Consumer Ethics Commission, the Chief of Police, the Precinct #3 and #4 Commanders, the District Attorney's Office, and her Senate representative where all referred her back to Municipal Court as it had jurisdiction of subject matter.

9.      In 2012, the Plaintiff's attorney Felicia Perkins was successful in dismissal of Municipal Court charges case no. 2011-147479, 2012-026399, 2012-070857, 2012-076746.

10.     On June 9, 2013, the defendant Murrell files another charge against the plaintiff alleging the Plaintiff approached her within 3 feet with a black object raised above her head "and on other occasions threatened her" in Municipal Court case no. 2013-110641 herein, **Exhibit D.** For the same incident, the Plaintiff filed charge against defendant Murrell for threats to shoot her with a gun in Municipal Court case no 2013-110675. The incident was recorded on the Plaintiff's cell phone and proves defendant Murrell filed false report. The Plaintiff is subpoenaed for her charge and she appears before Municipal Court and enters not guilty plea. The defendant's charge is false and baseless for criminal prosecution initiated by Municipal Court for simple assault. The Plaintiff hires Attorney Cynthia Stewart to defend her in this charge.

11.     The two cases resulting from the same incident are combined by Municipal Court to be heard simultaneous and for over two years Municipal court continued the cases for various reasons, or sent the case to mediation where Plaintiff would not agree to dismiss her charge

against defendant Murrell, and Murrell wants to settle without a trial herein, **Exhibit E**.
Defendants Rosemary Harper (Court bailiff), attorney Venecca Green-Mason(her attorney and a
relative) and Ricky Williams(her boyfriend) made false witness for defendant Murrell against the
Plaintiff.

12.     Police officer Lincoln Lampley who responded to the incident was never summoned to
court to testify as witness for the Plaintiffs' charge by Municipal Court. Officer Lampley heard
defendant Murrell threaten the Plaintiff and he confiscated her gun upon conducting search on
her.

13.     Defendant Rosemary Harper prevented officer Lampley from making arrest of defendant
Murrell and interfered ordering him to call a supervisor. Defendant Rosemary Harper attended
court proceeding with defendant Murrell as witness and is seen as visiting in restricted area of
Judges and prosecutors before the cases came on docket.

14.     Municipal Court Prosecutor Johnnie McDaniel requested a copy for Plaintiff's video
recording and in a subsequent hearing before Judge Bridget Clanton, conspired with her to order
mediation again after admitting he saw the video.  Prosecutor knew the Plaintiff was innocent
and continued her prosecution in the court.

15.     The Plaintiff upon learning a warrant was issued for her arrest went to her Precinct on
July 8, 2013 to request a field release and court date and she was told by precinct commander
they were instructed not to field release her and to put her in jail. The plaintiff was handcuffed
and transported to Jackson holding facility in front of her children and held for six hours before
being released due to over- crowding at the Raymond facility. The Plaintiff was arrested for
having a cell in her hand and defendant Murrell was not arrested herein, **Exhibit F**.  The Plaintiff

sustained cuts and bruises on her wrist and ankles from being shackled and was denied her medications.

16.     On March 31, 2014, defendant Murrell files charges against the Plaintiff alleging Plaintiff made threat to kill her, for simple assault on March 22, 2014 in Municipal Court case no. 2014-050882, and an additional charge is filed on made on for felony malicious mischief on alleging the Plaintiff damaged her property in cost of $542.38 in case no. 2014-050882-02 herein, **Exhibit G.** The Plaintiff is subpoenaed for the charge and she appears before Municipal Court and enters not guilty plea. The defendant's charge is false and baseless for criminal prosecution initiated by Municipal Court for simple assault.

17.     The Plaintiff was arrested in her home without warrant being produced and taken to the Jackson Holding facility for 10 hours. The Plaintiff had bond for release of $2,500.00 dollars and $250.00 fine for simple assault charge to pay before being released. During the time she was in the holding facility, Plaintiff tripped and fell from ankles being shackled and her ankle and wrist were cut, swelled, and bruising was caused.

18.     The Defendants Rosemary Harper, Ricky Williams, Officer Travel Allen, and Lakisha Heidelberg made false witness against the Plaintiff in conspiracy in this charge against the Plaintiff.

19.     Prosecutor Johnnie McDaniel sent case no. 2014-05088202 to the Hinds County Grand Jury for indictment. The charge was made from false report and baseless and the Hinds County Grand Jury issued NO Bill for Plaintiff on November 4, 2014 and the case was dismissed against her herein, **Exhibit H.**

20.     In 2012, the Plaintiff filed civil suit against defendant Murrell for violating covenants in her subdivision and cutting her trees. In the Chancery Court hearing held on December 3, 2014 the defendant Martha Murrell through her Attorney Venecca Green-Mason slandered and defamed the Plaintiff herein, **Exhibit I**, asserting facts for which contradicted the accounting she made to JPD Officer Allen about her fence, and her sworn affidavit of the incident where no true facts substantiated a threat or damage to her property.

21.     On March 24, 2014, two days after incident occurred for charge alleging fence damage, Defendant Murrell's Attorney, Venecca Green-Mason sent Attorney John Reeves whom was hired to handle the covenant suit an email reply stating that others had committed crime for damage to her client's property and falsely states that a gun was fired outside of her client window and that someone was going to get hurt or killed because the Plaintiff is harassing her client. However, on December 3, 2014 Attorney Mason allows defendant Murrell to testify that Plaintiff "told others to burn her up, tear her fence down, beat the "B" …" and as sworn testimony defendant Murrell swears she sees all this with her own eyes that contritely differs from telling Officer Allen she heard a noise and got up to see. Defendant Murrell and Attorney Mason knew she was falsifying reports on the Plaintiff and as planned the court would believe them.

22.     On February 12, 2016, the Plaintiff is subpoenaed to Municipal court to answer charges in case no. 2103-110641 and 2014-050882 both for simple assault charge made by Defendant Murrell. In case no. 2013-110641 the Plaintiff's Attorney was sent trial date of February 5, 2014 and Plaintiff's subpoena a had trial date of February 12th  stated a mistake by the court herein, **Exhibit J`**.

23.     The Plaintiff received herein, **Exhibit J2.** from her attorney informing her to bring back the in correct abstracts

24.     The Plaintiff received additional subpoena by Municipal court to appear and testify to charges against Defendant Murrell in case no. 2013-110675 . Municipal court issued subpoena in to defendant Murrell in case no. 2014-050882 herein, **Exhibit K.**

25.     The Plaintiff appeared with her attorney and witnesses and video of defendant Murrell threatening her with a gun.  The court prosecutor as usual places these cases as last.  Judge Ali Shamsideen begins questioning defendant Murrell if anything else was stated to her as threat to kill by the Plaintiff and she tell him "no".  Judge Shamsideen quickly states the case in 2014 for simple assault was dismissed.  In the charge Plaintiff filed against Murrell the Judge questions the statement in affidavit made by the Plaintiff as "Murrell had threatened to shoot her with a gun" as witnessed by Police Officer Lampley and that a video was made showing the incident from her cell phone".  The Plaintiff shows the Judge her small black cell phone described a defendant "a black object within 3 feet' from her.  Judge Ali Shamsideen remands the cases. The Plaintiff is devastated. The Plaintiff knew the Judge was in conspiracy for favorable outcome for her because defendant Murrell testified she had communication with him in the Chancery Court hearing in December 2014.  Defendant Murrell kept referring to him as "Shamsideen said" and "Shamsideen told me" and the court kept correcting her for proper title as Judge Shamsideen which was reported to the commission in Plaintiff's complaint.  The Plaintiff clearly asked Judge Ali Shamsideen for a trial and protested it was her constitutional right to trial to prove her innocence and he refused. The Plaintiff received no equal protection under the law. Defendant Murrell's plan to establish "justifiable homicide" remains unattested in the records of Municipal Court placing Plaintiff under death or injury sentence.

26.     The Plaintiff made complaint for Judge Ali Shamsideen to Mississippi Commission on Judicial performance and he is investigated. The commission after review claims insufficient evidence of judicial misconduct herein, **Exhibit L**.

27.     On March 25, 2016, Defendant Murrell is captured on the Plaintiff's home surveillance camera entering her yard in pretense of mowing her yard. Judge Shamsideen issued "no contact order" on both Plaintiff and Defendant Murrell. The defendant was trying again to harass and provoke the Plaintiff to shoot her. Plaintiff informed her attorney and she witnessed the video from camera system and said we had to have the court abstracts to stop her and have her put in jail.

28.     Attorney Stewart paid for two abstract and Plaintiff paid for abstract of defendant Murrell's charge.  The Plaintiff's attorney in dismay found abstracts of court alleging the Plaintiff found guilty after hearing of facts in case n. 2013-110641 herein, **Exhibit M**. The court records clerks said they couldn't find defendants Murrell's court abstracts so I waited.  The clerks came back and presented defendant Murrell's abstract alleging she had no contact order from Judge Shamsideen on March 3, 2014 and a guilty verdict fro Judge Bridget Clanton on March 3, 2014 for case no. 2013-110675 herein, **Exhibit N**.  All of the court abstract were "signed by M. Stewart and dated April 7, 2016". The Plaintiff's attorney reasoned they wouldn't let charges stay remanded to be brought back again for additional case if charge is filed so they closed the documents. Court abstract number 2014-050882 dismissed on February 12, 2016 herein, **Exhibit O**.

29.     Attorney Stewart contacted the court and asked them to make corrections for the abstract. They told her to bring back the incorrect documents and she did not herein, **Exhibit P**. The

Plaintiff's attorney in making continuous effort to get her abstract corrected related a different story is given to her as why Plaintiff's file or the defendants' file cannot be located to correct the abstracts.  The Plaintiff remains under sentence of guilt for no cause.

30.     In April 2017, defendant Murrell enters the Plaintiff property again to initiate provocations.  The Plaintiff contacts the precinct supervisor to come and assist her because she is not well and extremely tired of defendant Murrell trying to create incident to file more charges. The precinct supervisor reviewed the home surveillance of Plaintiff and went to next door to defendant Murrell's home to tell her to leave the Plaintiff alone and stay out of her yard.

31.     On May 22, 2017, Plaintiff's attorney sends letter noticing she is to be retried for the same misdemeanor charge as Judge Ali Shamsideen has put this case back on the books.  The plaintiff has nervous condition, anxiety, and depression that debilitate her. The Plaintiff is in fear for life as defendant Murrell has been walking in front of her home with a gun holstered alarming her children and all neighbors in close proximity.

32.     The Plaintiff's attorney has moved trial date of August 2, 2017 so another Judge will hear the case because Judge Shamsideen was report by Plaintiff.  The Municipal court has denied the plaintiff equal protection under the law and violated her constitutional rights and caused unbearable, unreasonable, never-ending cruel and unusual punishment done in "bad faith" .

33.     The Plaintiff files civil action suit against defendant for wrongful and criminal acts to prosecute her for no causes and  made by false reports with intent to deprive her right to be free from criminal prosecution.  The plaintiff has trial date of August 23, 2017 herein, **Exhinit Q**.

## RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Jeanette Brown prays for a trial, and prays that the court in entirety grants compensatory damages from named Defendant, the City of Jackson, in the amount of $50,000.00; punitive damages for defendant's willful, egregious, intentional, malicious conduct of $50,000.00; including costs of the suit and attorney's fees; nominal damages placed against the defendant and such other judgment for further relief as the court may deem proper.

Plaintiff, Jeanette Brown demands relief against Defendant, Tony Yarber (Mayor of Jackson), in the amount of $50,000.00 in compensatory damages; punitive damages for defendant's willful, egregious, intentional, malicious conduct of $50,000.00; with the costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief as the court may deem proper.

Plaintiff, Jeanette Brown demands relief against Defendant Martha Jones-Murrell, in excess the amount of compensatory damages of $50,000.00; punitive damages for defendant's egregious, willful, intentional, malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other further relief the court may deem proper.

Plaintiff, Jeanette Brown demands relief against Defendant Venecca Green-Mason ( Attorney) in excess of compensatory damages of $50,000.00; punitive damages for the defendant's willful, intentional, egregious malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief the court may deem proper.

Plaintiff, Jeanette Brown demands relief against the Defendant Lakeisha Heidelberg, in

the amount of compensatory damages of $50,000.00; punitive damages for the defendant's willful, egregious, intentional, malicious conduct of $50,000.00; with costs of the suit and attorney 's fees; nominal damages placed against the defendant and such other and further relief as the court may deem proper.

Plaintiff, Jeanette D. Brown demands relief against Defendant, Rosemary Harper (JPD) in the amount of compensatory damages of $50,000.00; punitive damages for defendants willful, egregious, intentional, and malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief as the court may deem proper.

Plaintiff, Jeanette Brown demands relief against Defendant Hinds County Municipal Court in the amount of compensatory damages of $50,000.00; punitive damage damages for the defendant's willful, egregious, intentional, malicious conduct of $50,000.00; with costs of the suit and attorney 's fees; nominal damages placed against the defendant and such other and further relief as the court may deem proper.

Plaintiff, Jeanette Brown demands relief against Defendant Johnnie McDaniel (City Prosecutor) in the amount of compensatory damages of $50,000.00; punitive damages for the defendant's willful, intentional, egregious malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief as the court may deem proper.

Plaintiff, Jeanette demands relief against Defendant Officer Travell Allen (JPD) in the amount of compensatory damages of $50,000.00; punitive damages for the intentional, willful, and egregious malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief as the court

may deem proper.

Plaintiff, Jeanette demands relief against Defendant Ricky Williams in the amount of compensatory damages of $50,000.00; punitive damages for the intentional, willful, and egregious malicious conduct of $50,000.00; with costs of the suit and attorney's fees; nominal damages placed against the defendant and such other and further relief as the court

Plaintiff prays for general relief.

Respectfully submitted, this the 4th day of December 2015.

Jeanette D. Brown

Pro se

Jeanette D. Brown
3 Wade Ct.
Jackson, MS. 39206
Telephone: (769) 524-4773

Jeanette Brown, Pro se